UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

JERMAINE BANKS and
AMADEUS MARRIA,
individually and on behalf of all other
similarly situated individuals,

        Plaintiff,

v.

R. COMMUNICATIONS INC. d/b/a
R2R COMMUNICATIONS, and
CHARLES PLEASANT, individually,

        Defendants.

Court File No.:

## COLLECTIVE ACTION COMPLAINT
## JURY TRIAL DEMANDED

For their Complaint against Defendant R. Communications Inc., d/b/a R2R Communications, and Charles Pleasant ("Defendants"), Plaintiffs Jermaine Banks and Amadeus Marria ("Plaintiffs") state and allege upon information and belief, and on behalf of themselves and all other similarly situated individuals, as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, because this action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2. Venue is proper under 28 U.S.C. § 1391, because Defendants reside in this district and, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

3. Plaintiff Jermaine Banks is an adult resident of Douglasville, Georgia. Plaintiff Banks worked as a technician for Defendants out of their West Atlanta, Georgia location from approximately May 2009 to January 2011. Defendants classified Plaintiff Banks as a 1099 "independent contractor" and as a W-2 employee for separate portions of his employment with the company. Defendants paid Plaintiff on a piece-rate (per job) basis throughout his entire employment with the company. Despite being classified as a 1099 independent contractor for a portion of his employment, at all times relevant herein, Plaintiff Banks was Defendants' "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

4. Plaintiff Amadeus Marria is an adult resident of Lithia Springs, Georgia. Plaintiff Marria worked as a technician for Defendants out of their West Atlanta, Georgia location from approximately February 2009 to January 2011. Defendants classified Plaintiff Marria as a 1099 "independent contractor" and as a W-2 employee for separate portions of his employment with the company. Defendants paid Plaintiff on a piece-rate basis throughout his entire employment with the company. Despite being classified as a 1099 independent contractor for a

portion of his employment, at all times relevant herein, Plaintiff Marria was Defendants' "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

5.   Defendant R. Communications Inc. (d/b/a R2R Communications) is, upon information and belief, a domestic corporation with its principal place of business in Lithonia, Georgia. Upon information and belief, its gross annual sales made or business done has been $500,000 or greater at all relevant times. At all times relevant herein, Defendants were Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

6.   Defendant Charles Pleasant was an owner and/or president of R. Communications Inc. during the timeframe relevant to this action, and was involved in the business operations of the company. He attended meetings at the company's main office regarding among other things, payroll, safety, and inspection issues, and upon information and belief, had regular interaction with Plaintiffs' supervisors and management staff. He made hiring and firing decisions, administered the company's policies and procedures, and oversaw the overall operation of the company on a daily basis.

7.   Defendant Pleasant was also involved in other aspects of the company's business operations including providing Plaintiffs and the similarly situated employees with revised pay sheets modifying the pre-determined amount of money (i.e. the "piece rate") they would be paid for completing the various

jobs/tasks, and handling employee issues concerning discrepancies in their paychecks.

8. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiffs and the similarly situated individuals work or worked for Defendants as technicians (also known as "installers"), and in other similar positions, at any time from three years prior to the filing of this Complaint to the entry of judgment in this action. During the relevant statutory period, Plaintiffs and the similarly situated individuals regularly worked over forty hours per week without proper compensation for overtime hours worked.

## FACTUAL ALLEGATIONS

9. Upon information and belief, Defendants are in the business of installing digital cable, high speed internet, and telephony devices, and operate several offices throughout Georgia. Defendants contract with Comcast, which is digital network operator. During the relevant statutory period, Plaintiffs and the similarly situated individuals worked for Defendants as technicians, installers, and in other similar positions.

10. Although Plaintiffs Banks and Marria, and other similarly situated individuals, were classified by Defendants as W-2 employees and paid on a piece-rate basis, Defendants knowingly and willfully denied them proper overtime pay.


jobs/tasks, and handling employee issues concerning discrepancies in their paychecks.

8. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiffs and the similarly situated individuals work or worked for Defendants as technicians (also known as "installers"), and in other similar positions, at any time from three years prior to the filing of this Complaint to the entry of judgment in this action. During the relevant statutory period, Plaintiffs and the similarly situated individuals regularly worked over forty hours per week without proper compensation for overtime hours worked.

## FACTUAL ALLEGATIONS

9. Upon information and belief, Defendants are in the business of installing digital cable, high speed internet, and telephony devices, and operate several offices throughout Georgia. Defendants contract with Comcast, which is digital network operator. During the relevant statutory period, Plaintiffs and the similarly situated individuals worked for Defendants as technicians, installers, and in other similar positions.

10. Although Plaintiffs Banks and Marria, and other similarly situated individuals, were classified by Defendants as W-2 employees and paid on a piece-rate basis, Defendants knowingly and willfully denied them proper overtime pay.

11. Upon information and belief, Defendants changed the classification of Plaintiff Banks and Plaintiff Marria, and those similarly situated, from "independent contractors" to W-2 employees in early 2010. Although Plaintiff Banks and Marria, and other similarly situated individuals were classified by Defendants as "independent contractors," they were, in reality, Defendants' employees under the FLSA and other relevant laws and regulations. As a result of this knowing and willful misclassification, Defendants denied Plaintiffs Banks and Marria, and other similarly situated individuals, their proper overtime pay.

12. Plaintiffs and the similarly situated individuals provided services essential to the fundamental business purpose of Defendants, that is, the installation of digital cable, high speed internet, and telephony devices. These services, however, required no special skill.

13. Plaintiffs and the similarly situated individuals' primary job duty was the installation of cable, high speed internet, and telephony devices.

14. Plaintiffs and the similarly situated individuals had no control over the manner and method by which they were paid.

15. The manner and method of payment was determined solely by Defendants, who paid them on a fixed "piece-rate" basis.

16. As a piece-rate paid technicians, Plaintiffs and the similarly situated individuals recevied a determinable amount of money for each type of job that he or she performed each day.

17. Defendants retained the right to discharge Plaintiff and the similarly situated individuals without cause.

18. Plaintiffs and the similarly situated individuals worked for Defendants on a full-time and continuing basis. Plaintiffs and the similarly situated individuals did not sell or advertise their services to the general public, or work as technicians for anyone other than Defendants.

19. Plaintiffs and the similarly situated individuals were subject to the direction and control of Defendants with regard to the manner and means of their job performance. For example:

    a. Defendants required Plaintiffs to mark his vehicle with identifying signage;

    b. Defendants required Plaintiffs to wear a uniform;

    c. Defendant required Plaintiffs to attend weekly and/or, bi-weekly meetings;

    d. Defendants controlled the number and types of jobs that Plaintiffs performed each day;

e. Defendants required Plaintiffs to follow specific procedures with regard to how installations were to be completed;

f. Defendants controlled the time periods during which Plaintiffs could perform their jobs each day;

g. Defendants required Plaintiffs to begin work by a certain time each day;

h. Defendants required Plaintiffs to work six days per week;

i. Defendants required Plaintiffs to request time off from work (if they did not request the time off in accordance with company policy, they could receive a written warning);

j. Defendants inspected Plaintiffs' work to ensure that installations were done correctly and according to company standards; and

k. Defendants made substantial deductions from Plaintiffs' paychecks for, among other things, work allegedly performed not according to company standards or for missed appointments.

20.  Defendants maintained records concerning the employment of Plaintiffs and the similarly situated individuals. Upon information and belief, this included, for example, records of compensation, time on the job, pay deductions, work orders, and materials used.

21.     Defendants misclassified Plaintiffs Banks and Marria, and other similarly situated individuals as 1099 independent contractors, and as a result, suffered and permitted them to work more than forty hours per week without paying them proper overtime compensation for all hours worked beyond forty per week. The conduct of Defendants has been widespread, repeated, and consistent.

22.     With respect to Plaintiffs Banks and Marria, and others similarly situated who were classified by Defendant as W-2 employees, Defendants suffered and permitted them to work more than forty hours per week without paying them proper overtime compensation for all hours worked beyond forty per week. The conduct of Defendants has been widespread, repeated, and consistent.

23.     Defendants knew that Plaintiff and the similarly situated individuals performed work that required overtime pay.

24.     The conduct of Defendants as set forth herein was willful and in bad faith, and has caused significant damages to Plaintiffs and the similarly situated individuals.

25.     Defendants are liable under the FLSA for failing to pay Plaintiffs and the similarly situated technicians their proper overtime compensation regardless of whether they were misclassified as "independent contractors" or properly labeled as W-2 employees.

26. There are numerous individuals who have been denied overtime pay by Defendants in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join. These similarly situated individuals are known to Defendants, and are readily identifiable through their records.

## COUNT I
## FAIR LABOR STANDARDS ACT
### (Overtime Violations)

27. Plaintiffs reallege and incorporate the above paragraphs by reference as if fully set forth herein.

28. Plaintiffs consent in writing to be part of this action pursuant to the FLSA, 29 U.S.C. § 216(b). (See consent forms attached as Exhibit A.) As the case proceeds, it is likely that other individuals will sign consent forms and join this case.

29. At all times relevant herein, Defendants have been, and continue to be, "employers," and Plaintiffs and the similarly situated individuals have been, or continue to be, "employees" within the meaning of 29 U.S.C. §§ 203(d) and (e).

30. The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours per week. 29 U.S.C. § 207. As Defendants' non-exempt employees, Plaintiffs and the

similarly situated individuals are entitled to overtime compensation at one and one-half times their regular rate of pay for work performed in excess of forty hours per week.

31. By wrongfully classifying Plaintiffs Banks and Marria, and other similarly situated individuals as "independent contractors," and failing to pay them overtime pay, Defendants have violated, and continue to violate the FLSA, 29 U.S.C. § 201 et seq.

32. By failing to compensate Plaintiffs Banks and Marria, and other similarly situated individuals who were classified as W-2 employees proper overtime compensation for overtime hours worked, Defendants have violated, and continue to violate the FLSA, 29 U.S.C. § 201 et seq.

33. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

34. Plaintiffs, on behalf of themselves and other similarly situated individuals, seek damages in the amount of theirs and the similarly situated individuals' unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorney's fees incurred in prosecuting this claim, all other relief available under the FLSA, and all other such legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. That notice of this action be given to all similarly situated individuals as soon as possible;

B. That Plaintiffs and the similarly situated individuals be determined and adjudicated to be "employees" under the FLSA;

C. That the practices of Defendants complained of herein be determined and adjudicated to be a violation of the FLSA, 29 U.S.C. § 201 et seq.;

D. That the practices of Defendants complained of herein be determined to be a willful violation of the FLSA, 29 U.S.C. § 201 et seq.;

E. For damages in the amount of Plaintiffs' and the similarly situated individuals' unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorney's fees incurred in prosecuting this claim, and all other relief available under the FLSA;

F. That Plaintiffs be granted leave to amend the Complaint to add state law claims if necessary; and

G. For all such further relief as the Court deems equitable and just.

Dated:     July 25, 2011            **AUSTIN & SPARKS, P.C.**

s/ John T. Sparks, Sr.
John T. Sparks, GA Bar No. 669575
2974 Lookout Place N.E., Suite 200
Atlanta, GA 30305
Telephone: (404) 869-0100
Fax: (404) 869-0200
jsparks@austinsparks.com

11

**NICHOLS KASTER, PLLP**
Michele R. Fisher, GA Bar # 076195
Charles G. Frohman, MN Bar #0386695 *
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
fisher@nka.com
frohman@nka.com
*pro hac vice admission forthcoming*

ATTORNEYS FOR PLAINTIFFS